RHESA HAWKINS BARKSDALE, Circuit Judge,
dissenting:
Because Baptist Memorial Hospital’s (BMH) transfer of the emergency room report, noting the questionable mass in Dickey’s right lung, to the VA Hospital, along with BMH’s telephone call to the VA Hospital, describing Dickey’s condition, including the location of the questionable mass, satis-^ fied BMH’s duty to communicate all of Dickey’s pertinent medical conditions to the VA Hospital, I respectfully dissent.
BMH’s duty of care in this situation, was, as the district court correctly held, “the duty to communicate all of [Dickey’s] pertinent medical conditions to the transferee hospital”. Dickey v. Baptist Memorial Hospital-North Mississippi, 1996 WL 672121, *6 (N.D.Miss.1996). The emergency room report transferred to the VA Hospital communicated all of Dickey’s pertinent medical conditions, including a questionable mass in the right lung. The report noted: “CxR [chest x-ray] — Pathalogy Rt. Chest ? [questionable] mass in Right-Radiologist’s report”.
Additionally, as the majority correctly concludes, there is no genuine issue of material fact as to whether Dr. Lamb, the treating physician at BMH, told Dr. Washington, the VA Hospital’s “officer of the day”, about the questionable mass during the telephone call arranging for Dickey’s transfer to the VA Hospital.
In his deposition, Dr. Lamb agreed that he would fall below his standard of care if he did not tell the VA physician about the mass on Dickey’s lung. Dr. Lamb testified that, in *269 his conversation with Dr. Washington, he “reviewed the findings in the case, what his presentation was, what we had found including the chest x-ray report. I reviewed the lab work and I told her that [Dickey] requested admission and I felt he was stable for transfer if he wanted to come”. And, when asked “did you inform Dr. Washington about the questionable mass on the lung as well as the cardiac situation?”, Dr. Lamb replied, “I did ”. (Emphasis added.)
Accordingly, BMH communicated all of Dickey’s pertinent medical conditions to the VA Hospital. Therefore, as a matter of law, no breach of duty occurred and the summary judgment for BMH should be affirmed. I respectfully dissent.